### ROSEN v. LUTZ, Atty. Gen., et al.
### No. 470.

District Court, N. D. Indiana, South Bend Division.

July 6, 1934.

Patterson & Thiel, of Gary, Ind., for plaintiff.

Philip Lutz, Jr., Atty. Gen., and Jos. P. McNamara and Herbert J. Patrick, Deputy Attys., Gen., for defendants.

Before SPARKS, Circuit Judge, and LINDLEY and BALTZELL, District Judges.

BALTZELL, District Judge.

On the 1st day of August, 1933, plaintiff filed in this court a bill in equity in which an injunction is sought to prevent the defendants, Philip Lutz, as Attorney General of Indiana; Paul Fry, as excise director of Indiana, and the other defendants, as state and county law enforcement officers, from interfering with him in the conduct of a business of selling at wholesale alcoholic malt beverages.

There was enacted by the General Assembly of the state of Indiana, at its 1933 session, a law providing for the sale, etc., of alcoholic beverages, etc., under certain conditions as prescribed therein. Provision was made for the appointment of an excise director by the Governor, and pursuant to such provision, the defendant Paul Fry was duly appointed as such director. Under the law, the director was charged with certain duties and was given various powers, among which were as follows: "[To] grant, refuse or cancel permits for the manufacture, bottling, possession, sale and delivery of alcoholic beverages in accordance with the provisions of this act," etc. Section 6 (c). Section 8 of such act provides as follows: "Any person desiring to manufacture, * * * sell * * * any alcoholic malt beverages shall make application to the director for a permit to do or perform any of such acts, * * * and thereupon the director may, in his discretion, grant any such permit," etc. Acts of General Assembly 1933, c. 80, p. 498.

The plaintiff alleges that, pursuant to such statute, he made application to the excise director for a permit, but that such application was denied and the permit refused. In this action he is seeking to enjoin the enforcement of the above statute by the various law enforcement agencies of the state and each county thereof, upon the ground that it is in violation of several sections of both the State and Federal Constitutions, among which is the Fourteenth Amendment to the Constitution of the United States.

An application for an interlocutory injunction was made and pressed by plaintiff, thereby requiring the organization of a statutory three-judge court. 28 USCA § 380; Smith et al. v. Wilson et al., 273 U. S. 388, 47 S. Ct. 385, 71 L. Ed. 699.

At the time of the hearing upon the application for an interlocutory injunction, the defendants filed and presented a "Motion to Stay Proceedings." The facts upon which such motion was predicated are that this plaintiff filed and prosecuted a similar suit in the Lake Superior court, room 1, of Lake county, Ind., in which suit the parties are the same as in the instant case, except Philip Lutz, Attorney General of Indiana, and Neil

Fry, sheriff of Porter county, Ind., are defendants in this suit, while they were not defendants in the state court suit, and Nick Makar, chief of police of East Chicago, Clay Collins, chief of police of Whiting, and Thomas B. Martinson, chief of police of Hammond, all in Lake county, Ind., were defendants in the state court suit and are not parties to this suit. In such suit in the state court a similar attack was made upon the constitutionality of the law in question, and the same relief prayed as in the instant case. The suit was filed in the state court on the 21st day of April, 1933. A hearing was had by that court upon the application of the plaintiff for an interlocutory injunction on the 28th day of April, 1933. On the 4th day of May, 1933, such court entered a decree granting an interlocutory injunction, thereby enjoining each defendant from enforcing or attempting to enforce the provisions of the law in question. It was decreed by the state court that such law is, and its provisions are, in violation and contravention of the provisions of both the Constitution of the United States and the Constitution of the state of Indiana, as alleged in the complaint. The defendants prayed an appeal to the Supreme Court of Indiana, which appeal was perfected and was pending at the time of the hearing upon the application for an interlocutory injunction in the instant case which was on the 10th day of August, 1933. The "Motion to Stay Proceedings" was sustained, and further proceedings in the instant case were stayed pending the outcome of the appeal.

There is now filed with this court a certified copy of the opinion and order of the Supreme Court of Indiana under date of March 16, 1934, wherein the decree of the superior court of Lake county was reversed and "the cause remanded, with directions to that court to dissolve the temporary injunction and to dismiss the action." Fry et al. v. Rosen, 189 N. E. 375, 381. There was afterwards filed with the Supreme Court by Rosen a petition in the above case for a rehearing, which petition was by that court denied on the 8th day of June, 1934, as shown by a certified copy of an order of the Supreme Court of that date filed in this case. This was the case that was pending in the state court as suggested in the motion to stay proceedings heretofore filed and granted by this court. The above and foregoing are the facts which are found and adopted by this court, pursuant to Equity Rule 70½.

Affidavits have been filed by plaintiff seeking to sustain his application for an interlocutory injunction, and counter affidavits have been filed by defendants in opposition thereto. The plaintiff is insisting that his application for an interlocutory injunction be granted notwithstanding the fact that the Supreme Court of the state of Indiana has held the law in question constitutional and ordered the injunction issued by the state court dissolved. It is contended that this court should again adjudicate the constitutionality of the statute in question, the constitutionality of which has heretofore been adjudicated by a state court of concurrent jurisdiction.

The same questions involved in the instant case were adjudicated and a final judgment rendered by the state court which has concurrent jurisdiction with this court. If not all the constitutional questions presented in the instant case were presented in the state case, they might have been so presented, and the plaintiff is estopped from proceeding in this court to present any additional constitutional questions. Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195. See, also, American Surety Company v. Baldwin, 287 U. S. 156, 53 S. Ct. 98, 77 L. Ed. 231, 86 A. L. R. 298; Grubb v. Public Utilities Commission, 281 U. S. 470, 50 S. Ct. 374, 377, 74 L. Ed. 972.

The constitutionality of the same statute was involved in the state case as that involved in the instant case. The parties in interest were the same; the only difference being some law enforcement officers were parties in the one that were not in the other, but all had identical interest. The state court had jurisdiction to determine all questions that were presented and that could have been presented in the case tried in that court. It was a court of concurrent jurisdiction with this court. A final judgment had been rendered in that court involving the same subject-matter and the same parties, or parties having identical interests, from which judgment the plaintiff may yet seek relief from the Supreme Court of the United States. The plaintiff first chose the state court as his forum, and having so chosen, he cannot now resort to another court of concurrent jurisdiction for the purpose of reviewing the action of such court. He must seek his remedy in the court that has authority to review the action of such court; that is, the Supreme Court of the United States. See Blythe v. Hinckley, 173 U. S. 501, 19 S. Ct. 497, 43 L. Ed. 783; Id., 180 U. S. 333, 21 S. Ct. 390, 45 L. Ed. 557; Forsythe v. Hammond, 166 U. S. 506, 17 S. Ct. 665, 41

L. Ed. 1095; American Surety Company v. Baldwin, supra.

The identical question presented in the instant case was presented in a fairly recent case before a three-judge court in the Southern district of Ohio. In that case a statutory court in the federal District Court was called upon to adjudicate a constitutional question which had theretofore been adjudicated by the Supreme Court of the state of Ohio (Grubb v. Public Utilities Commission, 119 Ohio St. 264, 163 N. E. 713), and the time had elapsed for the prosecution of an appeal to the Supreme Court of the United States. The District Court denied an injunction and dismissed the bill upon the ground of estoppel or res adjudicata. It was said by the District Court that: "The doctrine of estoppel by judgment or res adjudicata as a practical matter proceeds upon the principles that one person shall not a second time litigate with the same person, or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy or issue, which has been necessarily tried and finally determined upon its merits by a court of competent jurisdiction in a judgment in personam in a former suit." Grubb v. Public Utilities Commission (D. C.) 33 F.(2d) 323, 325.

This case was appealed to the Supreme Court of the United States, and the judgment of the District Court in which the bill was dismissed was affirmed. Some law enforcement officers were parties in the state court case that were not in the federal court case, and vice versa, as in the instant case, but that fact was held to be of no consequence as against the rule of estoppel or res adjudicata. It was said by the Supreme Court:

"That the state and federal courts have concurrent jurisdiction of suits of a civil nature arising under the Constitution and laws of the United States, save in exceptional instances where the jurisdiction has been restricted by Congress to the federal courts. * * * There is no such restriction which is applicable here. * * *

"The thing presented for adjudication in the case in the state court was the validity of the order, and it was incumbent on the appellant to present in support of his asserted right of attack every available ground of which he had knowledge. He was not at liberty to prosecute that right by piecemeal, as by presenting a part only of the available grounds and reserving others for another suit, if failing in that." Grubb v. Public Utilities Commission, supra.

So in the instant case the plaintiff, having heretofore litigated the identical questions in a state court of concurrent jurisdiction with the same persons or with others of identical interest, and such litigation having been finally adjudicated by the highest court of the state, he cannot now relitigate those questions in this court. The doctrine of estoppel or res adjudicata applies, and he cannot now proceed further here.

Having arrived at the above conclusion, it is unnecessary for the court to consider the highly controverted questions of fact presented by the affidavits heretofore filed in support of plaintiff's application for an interlocutory injunction and the counter affidavits filed by the defendants in opposition thereto. It may be interesting, however, to note that there is on file an affidavit of the defendant Fry, as director, denying that plaintiff ever at any time filed with him or in his office an application for a permit or complied with the statute in connection therewith.

The bill is dismissed at the costs of plaintiff.

A decree will be entered accordingly.