Dr. Edward J. NORWOOD, Appellant,

v.

Norman B. PARENTEAU, John R. Uglum, and S. L. Kirkpatrick, State Board of Examiners in Optometry in the State of South Dakota, and Ralph W. Wick, Former President of said Board; Dr. V. F. Schumaker, President of the South Dakota Optometric Association, Dr. Donald Hines, Vice President, Dr. John R. Uglum, Secretary and Dr. D. D. Slater, Former President of said Association; Judge O. K. Whitney, Judge of the Circuit Court of Hughes County, Pierre, South Dakota, Judge E. D. Roberts, Judge H. B. Rudolph, Judge St. Clair Smith, Judge Boyd Leedom, and Judge Vern Sickel, Presiding Judges of the Supreme Court of the State of South Dakota, Appellees.

No. 15311.

United States Court of Appeals
Eighth Circuit.

Dec. 28, 1955.

Dr. Edward J. Norwood, appellant, pro se.

Alan L. Austin, Watertown, S. Dak., for appellees.

Before WOODROUGH, JOHNSEN and VOGEL, Circuit Judges.

VOGEL, Circuit Judge.

Appellant brought this action in the United States District Court for the District of South Dakota seeking to have a decision of the Supreme Court of South Dakota, in the case of Norwood v. Parenteau, S.D., 63 N.W.2d 807, declared null and void and demanding damages or redress from members of the State Board of Examiners in Optometry of the State of South Dakota, its former president, the president of

the South Dakota Optometric Association, its vice-president, secretary and former president, the Honorable O. K. Whitney, Judge of the Circuit Court of Hughes County in the State of South Dakota, and the five Judges of the Supreme Court of South Dakota, on the basis that said parties collaborated in conspiracies to wrongfully and unlawfully deprive appellant of his license to practice optometry in the State of South Dakota.

The appellant has been practicing optometry for approximately thirty years. He engaged in such practice in the States of Nebraska, Wyoming and South Dakota. Insofar as the record discloses, his South Dakota practice was of an itinerant nature. The method of announcing his arrival in the various towns in South Dakota was to circulate handbills and post or have posted notices in appropriate places. He would also cause to be printed a small ad or notice in the local paper and would hang a banner outside the hotel where he was practicing. As a result of this "advertising", the South Dakota State Board of Examiners in Optometry notified appellant to restrict it. The order was at first complied with, but after appellant's practice in South Dakota diminished it was resumed and the Board cited him for "unprofessional conduct". At a hearing held on the accusation, the Board found him guilty of a violation of its rules and revoked his license.

It was the appellant's position that the statute under which the Board rules were promulgated, S.D.C.Supp. 27.0701 et seq., was unconstitutional in that it deprived him of his right to follow his lawful occupation, and on that basis he appealed the Board's decision to the State Circuit Court. That court affirmed the action of the Board and the case was then appealed to the South Dakota Supreme Court, where the decision was again affirmed. Norwood v. Parenteau, S.D.1954, 63 N.W.2d 807.

That the appellant asserted that the statute and rules were repugnant to the Constitution of the United States and that therefore the appellant's federal rights were involved and passed on by the South Dakota courts is patent from the holding of the South Dakota Circuit Court to the effect, " * * * that the legislature had the power to authorize the State Board of Optometry to prescribe the mediums of advertising and to prohibit the use of handbills on the part of members of the profession and that the action of the Board in prescribing rules and regulations in conformity with our statute was not arbitrary or unreasonable or in contravention of the due process clause of the Constitution of the State of South Dakota or of the United States".

By inference, appellant concedes that the prescribed remedy for an appeal from the South Dakota Supreme Court is to the United States Supreme Court, 28 U.S.C. § 1257, but he attempts to excuse his failure to take that course because he could not do so "without taking the bread from his family's mouth".[1] He accordingly brought this action in the United States District Court for the District of South Dakota, asking for an injunction against the Board of Optometry from interfering with his practice, and damages in the approximate sum of $75,000.00 from those who instigated the action against him; plus "redress" from the State Circuit Court Judge and the Presiding Judges of the Supreme Court of South Dakota for their "derelictive" jurisprudence. The liabilities were based upon an alleged deprivation of appellant's civil rights by the defendants named, a violation of Title 42 U.S.C.A. § 1983 (formerly 8 U.S.C. § 43). The United States District Court of South Dakota dismissed the action with prejudice on the ground that the complaint did not state a cause of action and that from ascertainable facts it could not be amended to state a

1. See Borland v. Johnson, 9 Cir., 1937, 88 F.2d 376, certiorari denied 302 U.S. 704, 58 S.Ct. 24, 82 L.Ed. 544.

cause of action. This is an appeal from that dismissal.

 The primary grievance which appellant is attacking is the optometry statute, supra, which he claims is unconstitutional in that it deprives him of his right to practice his profession and doing by indirection what it could not do directly. Without further reference to this contention, we must hold that this court and the United States District Courts are not the proper forums to which an appeal from a State Supreme Court may be taken.

Where an adequate state remedy is available and that remedy is employed, the party using it cannot escape the results of the action by a mere change from state to federal courts. Davega-City Radio v. Boland, D.C.N.Y.1938, 23 F.Supp. 969; New Jersey Chiropractic Ass'n v. State Board, D.C.N.J.1948, 79 F.Supp. 327. The state action is *res judicata* to all subsequent actions; there is left only appeal to the United States Supreme Court under Title 28 U.S.C. § 1257. American Surety Co. v. Baldwin, 1932, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231; Mitchell v. First Nat. Bank of Chicago, 1901, 180 U.S. 471, 21 S.Ct. 418, 45 L.Ed. 627; Blythe v. Hinckley, 1899, 173 U.S. 501, 19 S.Ct. 497, 43 L. Ed. 783.

> "Congress * * * has maintained upon the statute book such provisions as it deemed needful for reviewing judicial proceedings in the state courts involving a denial of federal rights, but has confined them to a direct review by this court, and deferred this until final judgment or decree in the state court of last resort." Essanay Film Mfg. Co. v. Kane, 1922, 258 U.S. 358, 361, 42 S.Ct. 318, 319, 66 L.Ed. 658.

In dealing with " * * * a bill in equity to have a judgment of a circuit court in Indiana, which was affirmed by the Supreme Court of the state, declared null and void, and to obtain other relief dependent on that outcome", the Supreme Court of the United States, in Rooker v. Fidelity Trust Co., 1923, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362, stated:

> "Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment for errors of that character. Judicial Code, § 237, as amended by Act Sept. 6, 1916, c. 448, § 2, 39 Stat. 726. To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original. Judicial Code, § 24."

As was noted, appellant prayed the court to enjoin the Board of Examiners and the South Dakota Optometric Association from interfering with his practice and cause the so-called conspirators to compensate in damages for losses accrued as a result of their behavior in depriving appellant of his civil rights under Title 42 U.S.C.A. § 1983.

A federal court cannot enjoin the action of a state court at any stage of the proceedings except as expressly authorized by Act of Congress or where necessary in aid of its jurisdiction or to protect or effectuate its judgments. 28 U.S.C. § 2283. This prohibition "is comprehensive. It includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process." Hill v. Martin, 1935, 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293. The state court cannot be ignored. Lion Bonding Co. v. Karatz, 1923, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871.

With reference to appellant's claim for damages because of alleged violation of his civil rights, little need be said. Under the circumstances here, whatever rights he possessed in that regard were based primarily upon the alleged unconstitutionality of the South Dakota statute, S.D.C.Supp. 27.0701 et seq., under which his license to practice optometry was taken away. We see no need in the

151

instant case to express any opinion with reference thereto nor with reference to the immunity of judges and other officers acting in a judicial or quasi judicial capacity excepting only to make reference to Semler v. Oregon State Board of Dental Examiners, 294 U.S. 608, 55 S. Ct. 570, 79 L.Ed. 1086; Lee Optical of Oklahoma, Inc., v. Williamson, 1955, 348 U.S. 483, 75 S.Ct. 461; Tate v. Arnold, 8 Cir., 1955, 223 F.2d 782.

The action of the District Court in dismissing this case was entirely proper.

Affirmed.