Edgar T. MOYE, on behalf of himself and all others similarly situated, Appellants,

v.

The CITY OF RALEIGH, a municipal corporation, et al., Appellees.

No. 73-2515.

United States Court of Appeals, Fourth Circuit.

Argued April 4, 1974.

Decided Oct. 1, 1974.

632

L. Philip Covington, Garner, N. C., for appellant.

Walter Lee Horton, Jr., Raleigh, N. C. (Horton, Conely & Michaels and Broxie J. Nelson, Raleigh, N. C., on brief) for appellees.

Before BOREMAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

BOREMAN, Senior Circuit Judge:

██ Plaintiff, Edgar T. Moye, brought this class action[1] against the City of Raleigh, North Carolina, all other municipalities in the State of North Carolina, and certain designated municipal officers, seeking injunctive relief, a declaratory judgment, and damages. Moye alleges that he and other persons similarly situated are being deprived of their constitutional rights as a result of the legislative scheme of the defendants in the enactment and enforcement of municipal parking ordinances. The district court dismissed the action,[2] holding that the complaint failed to present a substantial federal question or state a claim for relief.

Under the legislative system here attacked violators of municipal parking ordinances are issued tickets. The recipient of a ticket may pay a "voluntary contribution" of a designated amount between one and five dollars *to the municipality* and avoid criminal prosecution or, alternatively, withhold payment and face prosecution. Those who are subject to prosecution are tried in a state court, with the right to a jury trial, and if found guilty must pay a fine (equal to the amount of the "voluntary contribution") and the court costs all of which go to the *state unified court system* rather than to the municipality. Moye points out that a parking ordinance violator who elects to defend in a criminal trial rather than pay the "voluntary contribution" subjects himself to the possibility of the payment of a greater sum of money and the entry of a criminal conviction on his record. Thus, he contends, this legislative scheme violates due process of law since alleged violators

are the subjects of coercion which effectively denies them their right to trial by jury. He further complains that since those who refuse to make the "voluntary contribution" are exposed to a greater monetary penalty (in the form of added court costs) and a record of conviction of a criminal offense, the class of persons exercising their right to trial are denied equal protection of the laws. Finally, Moye asserts that this system of prosecuting parking ordinance violators constitutes a bill of attainder.[3]

The complaint reveals that Moye is presently being subjected to criminal prosecution in state court for alleged parking ordinance violations as a result of his failure or refusal to pay the City of Raleigh the designated amount of "voluntary contributions." Plaintiff has not alleged or even suggested that his prosecution is being conducted in bad faith or for purposes of harassment.

██ These facts clearly compel application of the rule announced in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), whereby federal courts should refrain from interfering with a criminal prosecution pending in state court where the defendant has not shown extraordinary circumstances involving great and immediate threat to federally protected rights *which cannot be protected in the defense of the action before the state court.* See also Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

██ Plaintiff has sought to distinguish *Younger* by noting that there the plaintiff sought to enjoin the state prosecution itself. While technically what the plaintiff seeks here is an injunction[4] to prevent continued opera-

---

1. There was no determination by the district court as to whether the plaintiff could maintain a class action. Since we conclude that the complaint should be dismissed on grounds which do not require such determination at this time, we intimate no opinion on that question.

2. Since only local ordinances were involved it was not necessary to convene a three-judge court to hear the constitutional challenge.

This is true even though similar ordinances existed in numerous municipalities throughout the state. Moody v. Flowers, 387 U.S. 97, 102, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967).

3. The district court concluded that the bill of attainder argument "is frivolous and involves no substantial federal question."

4. Jurisdiction of the claim for injunctive relief is asserted under 28 U.S.C. § 1343.

**634**

tion of the "voluntary contribution" system, as a practical matter such equitable relief would "result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions [against pending state prosecutions] was designed to avoid." Samuels v. Mackell, 401 U.S. 66, 72, 91 S.Ct. 764, 767, 27 L. Ed.2d 688 (1971). The principles of equity, comity, and federalism which precluded issuance of a federal injunction against the pending state criminal prosecution in *Younger, supra,* likewise preclude issuance of such equitable relief in this case. To enjoin the continued operation of the "voluntary contribution" system while a state criminal action is pending would constitute a "disruptive interference with the operation of the state criminal process." Perez v. Ledesma, 401 U.S. 82, 84, 91 S.Ct. 674, 676, 27 L.Ed.2d 701 (1971). Accordingly, we find no entitlement to the injunctive relief sought.

■■ In addition to injunctive relief, plaintiff seeks a declaratory judgment adjudicating as unconstitutional the system allowing an accused to avoid prosecution for parking violations by making a "voluntary contribution" to the City of Raleigh.[5] "[I]n cases where the state criminal prosecution was begun prior to the federal suit, the same equitable principles relevant to the propriety of an injunction must be taken into consideration by federal district courts in determining whether to issue a declaratory judgment, and . . . where an injunction would be impermissible under these principles, declaratory relief

should ordinarily be denied as well." Samuels v. Mackell, 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971).[6] Plaintiff freely admits that he has asserted the unconstitutionality of the "voluntary contribution" system as a defense to his prosecution now pending in state court. A declaratory judgment would, in fact, adjudicate the merits of Moye's defenses to the state prosecution; such a judgment might then be *res judicata* and virtually take the case out of state court before it could be heard and decided. Public Service Commission v. Wycoff Co., 344 U.S. 237, 247, 73 S.Ct. 236, 97 L.Ed. 291 (1952); Perez v. Ledesma, 401 U.S. 82, 125, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971) (separate opinion of Justice Brennan). It is our conclusion that the issuance of a declaratory judgment would be inappropriate in the instant case and the request therefor should be denied.

■ Finally we are confronted with the claim for money damages for violation of plaintiff's civil rights pursuant to 42 U.S.C. §§ 1983 and 1985(3).[7] Plaintiff has not submitted his claim for money damages to the state court and he need not do so in order to invoke the jurisdiction of the federal courts. Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Scott v. Vandiver, 476 F.2d 238 (4 Cir. 1973). However, it is clear that he has submitted many of the issues involved in this federal action for money damages to the state court by way of his defense to the pending state criminal prosecution. Judicial economy and the sound exercise of judicial discretion require that federal

5. Jurisdiction for the requested declaratory judgment is asserted under 28 U.S.C. §§ 2201 and 2202.

6. We recognize that there are instances where a declaratory judgment is appropriate although a simultaneous request for injunctive relief must be denied. Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). However, the instant case is clearly distinguishable from *Steffel* since there is here a pending state criminal prosecution. *Steffel* held that *in the absence of a pending state prosecution* equity,

comity, and federalism do not mandate abstention from the mild relief of a declaratory judgment. However, when state criminal proceedings are pending the Court has promulgated firm rules of abstention which are in addition to the traditional equitable requirements that apply where there are no such proceedings pending. Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

7. Jurisdiction of the claim for money damages is asserted under 28 U.S.C. § 1343.

courts abstain until the state court has had an adequate opportunity to resolve those issues. We recognize that the decision of the state courts on those issues may be *res judicata* in this civil action. P I Enterprises, Inc. v. Cataldo, 457 F. 2d 1012 (1 Cir. 1972); Norwood v. Parenteau, 228 F.2d 148 (8 Cir. 1955). But it is the plaintiff who chose to submit those issues to the state court and, having elected to try them there in the first instance, he cannot now be permitted to avoid his decision by initiating this action in federal court while the state action is pending. *See* England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); *See also* Moran v. Mitchell, 354 F.Supp. 86 (E.D.Va.1973).

Ordinarily in such cases we would remand the case to the district court so that it might retain jurisdiction over the claim for money damages pending the outcome of the state proceeding. However, it appears likely that the outcome of those proceedings will be controlling with respect to many of the issues in-

volved in the claim for money damages and would necessitate extensive revision or amendment of the pleadings. Accordingly, we conclude that the action for damages should be dismissed without prejudice to the right of the plaintiff to institute a new action for damages should he be so advised.

■ Additionally, we note that a substantial question exists as to whether the complaint properly states a cause of action against the municipalities and their officers under 42 U.S.C. § 1983 [8] and § 1985(3).[9] It would appear that the municipalities designated as defendants in this action are not "persons" subject to suit within the meaning of those sections.[10] Likewise the complaint does not appear to properly state a cause of action against the municipal officers.[11] This jurisdictional issue was not raised in the district court but in the event a new action for damages is instituted it will be necessary for the district court to fully examine its jurisdiction prior to any consideration of the merits.

8. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

9. "If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3).

10. It is well established that a municipality is not a "person" within the meaning of 42 U.S.C. § 1983, and therefore cannot be liable under that section in an action for damages [Monroe v. Pape, 365 U.S. 167, 191, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)] or injunctive relief [City of Kenosha v. Bruno, 412 U.S.

507, 513, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973)]. It would appear that municipalities are also immune from suit under 42 U. S.C. § 1985(3). Spampinato v. City of New York, 311 F.2d 439 (2 Cir. 1962), cert. denied, 372 U.S. 980, 83 S.Ct. 1115, 10 L.Ed.2d 144, rehearing denied, 374 U.S. 818, 83 S.Ct. 1699, 10 L.Ed.2d 1042; Agnew v. City of Compton, 239 F.2d 226 (9 Cir. 1957), cert. denied, 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910.

11. Various municipal officials, including police chiefs, town managers, and members of city councils of all municipalities in North Carolina are designated as defendants in this action. They are sued individually and in their official capacities. There is a substantial question whether these officials can be sued "in their official capacities" and the absence of any allegation that they acted "in bad faith" may preclude proceeding against them as individuals. *See* Bennett v. Gravelle, 323 F.Supp. 203 (D.Md.1971), aff'd 451 F.2d 1011, petition for cert. dismissed 407 U.S. 917, 92 S.Ct. 2451, 32 L.Ed.2d 692; *see also* Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974). Other possible jurisdictional questions would appear to be presented but the record is presently inadequate to warrant consideration thereof.

For the reasons herein stated we affirm the district court's dismissal of the action with respect to the plaintiff's claims for injunctive and declaratory relief but as to the action for damages it is dismissed without prejudice to the plaintiff's right to institute a new action should he be so advised.

Affirmed in part and the dismissal of the action for damages affirmed as modified.