L. Philip COVINGTON, on behalf of himself and others similarly situated, Appellant,

v.

The CITY OF RALEIGH, a Municipal Corporation organized and existing under the laws of North Carolina, et al., Appellees.

No. 75–1187.

United States Court of Appeals, Fourth Circuit.

Argued June 12, 1975.

Decided Jan. 30, 1976.

L. Philip Covington, pro se.

Walter L. Horton, Jr. (Broxie J. Nelson, Horton, Conely & Michaels, Raleigh, N. C., on brief), for appellees.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

The plaintiff seeks relief for himself and a plaintiff class of parking violators from the parking ordinance of the City of Raleigh and seeks injunctive and declaratory relief and damages.

As no effort was made to define the purported class, we consider the case only as it may apply to the plaintiff.

The facts of this case and the issues are essentially the same as those in *Moye v. City of Raleigh,* 503 F.2d 631 (4th Cir. 1974), a companion case in which we affirmed the denial of injunctive and declaratory relief and expressed no opinion as to damages. Our holding here follows *Moye* in large part. The difference the plaintiff points out is that he is not presently being prosecuted for a traffic violation, while *Moye* was.

■ The plaintiff, under the authority of *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), insists that declaratory relief is yet available, even if injunctive relief is not, because he is not being prosecuted for a parking violation. While that position may have merit in certain circumstances, it has none here, for the principal reason that the plaintiff's attack on the system of allowing persons who receive a parking ticket to avoid prosecution by paying a sum of money to the city rather than face formal trial has been decided adversely to the plaintiff's contention by the Supreme Court.

■ The question of "whether a person charged with a traffic violation   .   .   . may be forced by a statute   .   .   .   to choose between foregoing a trial by pleading guilty and paying a small fine, or going to trial and thereby exposing himself to the possibility of a greater punishment if found guilty" (as the question is stated in 377 U.S. at 407, 84 S.Ct. at 1626) was decided adversely to plaintiff's position in *Commonwealth v. Marder,* 346 Mass. 408, 193 N.E.2d 695 (1963). The United States Supreme Court dismissed the appeal to that court "for want of a substantial federal question." *Marder v. Massachusetts,* 377 U.S. 407, 84 S.Ct. 1626, 12 L.Ed.2d 405, reh. den., 379 U.S. 871, 85 S.Ct. 17, 13 L.Ed.2d 78 (1964). Dismissal for want of a substantial federal question is a judgment on the merits of the existence of a substantial federal question and is dispositive of that phase of our case. *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975).

■ But the plaintiff yet maintains he is entitled to declaratory relief because he is now expressly "not seeking a declaration of the unconstitutionality of any state statute, or even an ordinance of defendant city," but "merely" "a declaration of the unconstitutionality of certain practices in which defendants engage under color of enforcing criminal parking laws." The practice complained of, says the plaintiff, is awarding traffic tickets for parking in spaces where parking is not prohibited. He says this is done in bad faith to get motorists to pay the small sum to the city to avoid formal prosecution. The plaintiff admits that a traffic ticket given for parking in a place in which parking is not prohibited is easily defended in the State court.

■ One difficulty we have with plaintiff's claim as to this point is that it appar-

ently presumes that parking alongside a curb on a street at a place in which parking is not prohibited is a right protected by the Federal Constitution. We do not agree. We know of no case which suggests parking is controlled by anything other than state law and are of opinion there is raised no substantial federal question by this allegation.

A second valid objection to plaintiff's claim for declaratory relief on the invalidity of the alleged practice is that the ascertainment of the validity of the practice is a matter of fact, as well as a matter of law, and to adjudge the alleged practice invalid and grant declaratory relief would necessarily involve the taking of evidence, the question being whether the defendants were applying a constitutional law in an unconstitutional manner. No reason exists for any declaration of the invalidity of the practice disconnected from the matter of damages and its application to the plaintiff.

Plaintiff's brief is far from clear as to the reasons for which he seeks damages. Apparently, he seeks damages for the loss of his job; for a return of the payments he has made to the City of Raleigh on account of parking violations which were not tried, but which he paid to the City in order to avoid trial; and, although it is not spelled out in the brief, for causes of action akin to malicious prosecution under 42 U.S.C. §§ 1983 and 1985.

The district court found that the claim for damages for loss of plaintiff's job was frivolous. The record contains a letter to the plaintiff stating the reasons that his employer requested his resignation and plaintiff's replies to the employer. We presume, for the record does not show and the briefs recite no objection, the district court by agreement considered this correspondence as stating the facts in rendering its decision as to damages on account of loss of employment. This being true, we agree with the district court that plaintiff's claim for damages for loss of employment is frivolous.

So far as any claim for damages depends upon the constitutional validity of the Raleigh plan for accepting payments of parking tickets in lieu of trial, that is without merit because a similar plan has been adjudged to be valid, and, in all events, plaintiff does not now contest the constitutional validity of any statute or ordinance.

So far as plaintiff's claim for his individual damages may be grounded upon previous parking violation charges against him based on 42 U.S.C. §§ 1983 and 1985, we express no opinion on that matter and remand only this particular part of the case for the further consideration of the district court both as to the validity and the amount of such claims if any.

In summation, we affirm the denial of injunctive and declaratory relief; the denial of damages for loss of employment as above set forth; and the denial of damages upon any claim depending upon the constitutional validity of the Raleigh parking ordinances. In general, then, we affirm the district court and remand for further consideration only the question of plaintiff's individual cause of action, if valid, as any such cause of action may have arisen on account of previous parking tickets he has received and may be akin to malicious prosecution under 42 U.S.C. §§ 1983 and 1985.

Affirmed in part and remanded.