LOCAL DIVISION 589, AMALGAMATED TRANSIT UNION, AFL–CIO, Plaintiff,

v.

AMALGAMATED TRANSIT UNION, AFL–CIO, Defendant.

Civ. A. No. 68–690–C.

United States District Court
D. Massachusetts.

Feb. 4, 1969.

Nathan S. Paven, Mason & Paven, Boston, Mass., for plaintiff.

Arthur J. Flamm, John D. O'Reilly, III, Segal & Flamm, Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action in which jurisdiction of this court is claimed under 28 U.S.C.A. § 2201 and 29 U.S.C.A. § 185(a). Plaintiff is Local Division 589, Amalgamated Transit Union, AFL–CIO (hereinafter Local 589). Defendant is Amalgamated Transit Union, AFL–CIO (hereinafter International). Local 589 maintains an office in Boston and is the bargaining agent, *inter alia,* for the operating employees of the Massachusetts Bay Transportation Authority (hereinafter MBTA). The complaint alleges that the MBTA is a body politic incorporate created by Mass.G.L. ch. 161A, as amended. The defendant maintains its office in Washington, D.C., and is an international union with which plaintiff is affiliated.

On January 25, 1965, Local 589 held a referendum vote to authorize it to combine the seniorities of the surface line operators and the rapid transit line operators. Both prior to the vote and on the date of the filing of the complaint herein, seniority on the MBTA was based on functional lines, consisting of four divisions: (a) surface lines (bus and trolley); (b) rapid transit lines (high speed); (c) equipment engineering and maintenance; and (d) plant engineering and maintenance. Following the vote, certain rapid transit operators who are members of Local 589 appealed the Local's vote to the International president and he referred the appeal to the General Executive Board of the International. After hearing the General Executive Board denied the appeal and thereafter that Board's denial was appealed to the International Convention held in October 1967. After hearing the Convention denied the appeal but its ruling contained certain modifications.

Plaintiff seeks in this case a declaratory judgment to the effect that the vote of the Convention is only partially binding on Local 589 and also a ruling which, in effect, would declare all rights between the parties under the International constitution, particularly in the light of the recent acquisition by the MBTA of the routes, employees, assets, etc. of the Eastern Massachusetts Street Railway Company. The matter came before the Court on defendant's motion to dismiss and was briefed and argued by counsel. Because the motion to dismiss is well taken, at least on the first three

**632**

grounds, I do not consider herein the fourth ground of the motion.

*I. Re the first ground of the motion to dismiss the complaint "for failure to state a justiciable case or controversy."*

 On its face the complaint reveals that there is no case or controversy herein. There is no allegation in the complaint of any action actually taken or of any action threatened to be taken by the MBTA subsequent to the vote of the Convention. What is alleged is merely the fact that the vote was taken, as set forth with more particularity in the complaint and in other papers in the file. Lacking a case or controversy, the motion to dismiss should be allowed. Cf. United Public Workers v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947); Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961).

*II. Re the second ground of the motion to dismiss the complaint "for failure to state a claim within the jurisdiction of this court."*

The gravamen of the complaint, as appears from paragraph 15 thereof, is the allegation that the

"said action by the Appeals Committee and the Convention was in violation of the By-Laws of the Convention and of Robert's Rules of Order."

This allegation is not sufficient to confer jurisdiction on this court because 29 U.S.C.A. § 185(a) limits the jurisdiction of this court in the area of labor disputes to suits alleging the violation of labor contracts. Copra v. Suro, 236 F.2d 107, 113 (1st Cir., 1956); International Association of Machinists v. Gonzales, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1958). The instant complaint does not allege a violation of a contract between an employer and a Union. Cf. International Ass'n of Machinists v. Gonzales, supra, at p. 620, 78 S.Ct. 923.

*III. Re the third ground of the motion to dismiss the complaint "for failure to state a claim for which relief may be granted."*

The plaintiff organization cannot qualify under the requirements of 29 U.S.C.A. § 152(5) as a labor organization because the related definition of "employer" in 29 U.S.C.A. § 152(2) excludes from the category of labor organizations any state or political subdivision thereof. Mass.G.L. ch. 161A, sec. 2, expressly labels the MBTA as a political subdivision of the Commonwealth, and the Supreme Judicial Court of the Commonwealth of Massachusetts has ruled that employees of the MBTA's predecessor were employees of a political subdivision. Massachusetts Bay Transp. Authority v. Boston Safe Deposit & Trust Co., 348 Mass. 538, 542–543, 205 N.E.2d 346 (1965). Consequently, since the employer of the members of Local 589 is not an employer under the Act, it cannot qualify as an organization in which employees participate and deal with employers. Thus, this court lacks jurisdiction for this additional reason.

Defendant's motion to dismiss is allowed. Judgment accordingly.