Ned S. SKINNER, Captain, etc.,
Appellant,

v.

Raymond F. SPELLMAN, Appellee.

No. 72–2041.

United States Court of Appeals,
Fourth Circuit.

Argued April 3, 1973.

Decided May 31, 1973.

Andrew P. Miller, Atty. Gen. of Va., and Vann H. Lefcoe, Asst. Atty. Gen., for appellant.

George W. Gillmor, Durham, N. C., (E. David White, III and Raymond L. Yasser, third-year students at Duke University School of Law) for appellee.

Before BOREMAN and WINTER, Circuit Judges, and BLAIR, District Judge.

PER CURIAM:

This is an appeal from the verdict of the district court in a suit under the Civil Rights Act, 42 U.S.C. § 1983, entering judgment in the amount of $100.00 against defendant-appellant for violating plaintiff-appellee's right to due process of law in a prison disciplinary proceeding. Appellant contends that the district court erred by 1) applying Landman v. Royster, 333 F.Supp. 621 (E.D. Va.1971), retroactively to the facts of the case and 2) in holding that good faith reliance on standard operating procedure was not available as a defense.

The district court found the disciplinary proceeding in question lacked due process in that there was no prior written notice of the charges, the prisoner was not given a reasonable time to prepare a defense, and one of the members of the adjustment committee hearing the case had prior knowledge of the incident. These findings are not clearly erroneous. In reaching them, the district judge cited his opinion in Landman v. Royster, *supra*, wherein he had reviewed in detail the due process requirements which must attend a prison disciplinary

proceeding. We do not see this as a retroactive application of *Landman*. The district court's citing of *Landman* was merely a reference by the court to a current decision on point and in this we find no error.

 Appellant also contends his good faith reliance on standard operating procedure gives him a qualified immunity defense to liability for damages in a suit founded on 42 U.S.C. § 1983. The district court stated that, while the absence of malice would prevent an award of punitive damages, good faith was not a defense appellant could assert in avoidance of plaintiff's claim. In Hill v. Rowland, 474 F.2d 1374, 1377 (4th Cir., 1973), this court, on the authority of Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), held that police officers who arrested a woman bystander in a lottery raid would have a defense to a § 1983 suit for damages by proving their "reasonable good faith belief . . . in the legality of the arrest." A subsequent decision very much on point with the present case, Eslinger v. Thomas, 476 F.2d 225 (4th Cir., 1973), similarly affirms the concept of "reasonable good faith" as a § 1983 defense. That decision held that a clerk of the South Carolina Legislature who denied the plaintiff a job as a legislative page solely because she was a woman, in accordance with the longstanding official custom of reserving such positions for men, could not be held liable for damages under § 1983. As was noted,

Although the clerk may have acted with little sensitivity to a swelling tide of legal and social precedent rapidly eroding the bastion of male chauvinism, he acted in the light of a long-standing, albeit vaguely defined, "custom" of the South Carolina Senate barring female pages. He did no more, or less, than what had always been done. "While high state officials may be expected to be reasonable men, they neither can nor should be expected to be seers in the crystal ball of constitutional doctrine." Westberry v. Fisher, 309 F.Supp. 12, 17 (D.Me. 1970). The clerk should not be "charged with predicting the future course of constitutional law." Pierson v. Ray, 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967).

In consequence, if appellant was acting in a reasonable good faith reliance on what was standard operating procedure in the Virginia prisons, he should not have to respond personally for damages. Although the district judge found a lack of malice in refusing punitive damages, he clearly did not accept good faith reliance on standard operating procedures as a defense to the claim for compensatory damages.[1] Accordingly, the district court's decision is reversed and remanded for a factual determination of whether appellant was acting in reasonable good faith reliance on standard operating procedure. If this was the case, judgment should be entered for appellant; otherwise, the prior verdict should be reinstated in the amount found by the district court.

Reversed and remanded.

---

[1] Appellee argues that appellant failed to affirmatively plead good faith in the district court and that for this reason the issue is not properly before us. It is, of course, true that good faith as a defense should be affirmatively pleaded, but we do not feel appellee is prejudiced by its assertion now. The fact that the district court specifically denied such a defense existed leads to the conclusion that the issue was implicitly, if not explicitly, before the distrct court. *See*, Eslinger v. Thomas, *supra*.