COVINGTON, Judge.
This is an appeal from a judgment of the district court in favor of defendants, Richard A. Walls, Kelly Ward, Robert Bryan and Michael Beauboueff, dismissing the suit of plaintiff, Autry Lee Jones, for damages. The plaintiff-appellant claimed that he was damaged in the amount of $50.00 from each defendant, because defendant Walls arbitrarily made a charge of violation of disciplinary rules against the plaintiff, and defendants, Ward, Bryan and Beauboueff, who made up the Disciplinary Board which heard the charge, arbitrarily sentenced the plaintiff to five days’ solitary confinement and a loss of twelve days’ good time. The plaintiff claimed that Walls maliciously “pre-fabricated” the charge against him, which subjected him to cruel and unusual punishment; and that the other defendants, in bad faith, falsely imprisoned him, which subjected him to cruel and unusual punishment. The plaintiff further alleged that he took a non-suspensive appeal to the Department of Corrections which granted his appeal, and gave him back his good time, but not before he had served the isolation time.
At the trial, the plaintiff offered only his own testimony. The defendants offered *76 only the testimony of defendants Wall and Ward. The gist of Jones’ testimony was that defendant Walls made the charge against the plaintiff because of the fact that Jones had written a letter of complaint about Walls to the Director of Civil Service, and that the Department of Corrections ultimately decided that Jones was not guilty of violating a disciplinary rule. Jones admitted that he had not requested that the sentence be suspended pending an appeal. Walls testified that he charged Jones with “disrespect” for writing the letter, but only after conferring with the deputy warden. He also stated that he bore no malice toward Jones and in no way threatened him; that he believed, at the time that he made the charges against Jones, that it was both “within his power and within the rules.” Ward, who was the Director of Classification for Louisiana State Penitentiary, testified about serving on the Disciplinary Board along with Bryan, who was a Colonel in the Security Division, and Beau-boueff, who was Classification Officer, at the time when Walls made the charge against Jones. Ward stated that at the time the Jones case was decided he honestly believed that Jones was guilty of violating the “disrespect rule”, and that they considered “some of the past appeals” on file in reaching their decision. Ward further testified that he did not bear Jones any ill will, and that to his knowledge none of the other board members had any malice toward Jones.
The appellant’s assertion of “cruel and unusual punishment” is without merit. The courts have uniformly adhered to the rule that solitary confinement is not in itself cruel and unusual punishment. See Annot., 51 A.L.R.3d 111, 162. As this court stated in the case of Craft v. State, 308 So.2d 290, 295 (La.App. 1 Cir. 1975), writ denied, 319 So.2d 441 (5 Cir., 1975), cert. den., 423 U.S. 1075, 96 S.Ct. 859, 47 L.Ed.2d 84: “Cruel and unusual punishments are those that are barbarous, extraordinary or grossly disproportionate to the offense, those that shock the conscience of civilized men.” The record in the case at hand shows beyond any question that no such punishment was inflicted upon the appellant.
We have carefully reviewed the record. There is no evidence indicating that the defendant Walls or the individual members of the Disciplinary Board acted arbitrarily or capriciously in charging the appellant or finding him guilty. See Sanchez v. Hunt, 329 So.2d 691 (La.1976).
In the Sanchez case the Court set out: “Prison officials must be accorded latitude in the administration of prison affairs. Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). It is settled that except in extreme cases the courts will not interfere with the conduct of a prison, with its regulations and their enforcement, or with its discipline. Douglas v. Sigler, 386 F.2d 684 (8th Cir. 1967). A reviewing court must not disturb an order of the agency charged with the administration of a prison unless, in such an extreme case, its order is clearly arbitrary or capricious.
“The legislature has delegated to the director of corrections broad authority to classify and discipline inmates within the jurisdiction of the department in order to maintain order and safety within Louisiana’s prison system. La.R.S. 15:828; La. R.S. 15:829.”
Moreover, when prison officials act in reliance on good faith beliefs that what they are doing is constitutionally and lawfully permissible, they are not liable in damages as a consequence of their actions even if it should be later established that their beliefs were not well founded. See Skinner v. Spellman, 480 F.2d 539 (4th Cir. 1973).
Accordingly, for the above reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.