**L. Douglas BRINN, et al., Plaintiffs,**

v.

**TIDEWATER TRANSPORTATION DISTRICT COMMISSION, t/a Tidewater Regional Transit, Defendant.**

No. Civ.A. 2:99CV1637.

United States District Court,
E.D. Virginia,
Norfolk Division.

July 20, 2000.

Susan T. Ferguson, Jonathan G. Martinis, Commonwealth of Virginia Rights of Virginians with Disabilities, Richmond, VA, Stephen A. Gold, Philadelphia, PA, for plaintiffs.

Donald H. Clark, Abram W. Vander-Meer, Jr., Williams, Mullen, Clark & Dobbins, PC, Virginia Beach, VA, for defendant.

## MEMORANDUM OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

The present matter comes before the court on plaintiffs' motion for attorney's fees, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12205, and the Rehabilitation Act of 1973, 29 U.S.C. § 794a(b). For the reasons set forth below, plaintiffs' motion is **GRANTED,** and the Department for Rights of Virginians

with Disabilities ("DRVD"), is hereby **AWARDED** attorney's fees in the amount of $29,506.24 for the services of Jonathan Martinis, counsel for plaintiffs.

I. *Factual and Procedural History*

In late spring, 1999, plaintiffs, a class of similarly situated persons with disabilities, retained Jonathan Martinis of DRVD to compel Tidewater Transportation District Commission ("TRT") to provide next-day paratransit transportation to persons with disabilities on a level comparable to the public transportation provided to persons without disabilities. Mr. Martinis initially undertook settlement negotiations with TRT. However, on September 27, 1999, after negotiations failed, Mr. Martinis filed suit against TRT on behalf of plaintiffs, under both the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701–796l. The suit sought both a preliminary and permanent injunction, enjoining TRT from: (1) failing to provide complementary paratransit transportation to individuals with disabilities, comparable to the public transportation provided to individuals without disabilities; (2) failing to provide such paratransit transportation on a next-day basis; and (3) engaging in practices or procedures which limit the availability to paratransit transportation to individuals with disabilities.

On January 18, 2000, counsel for the parties executed a settlement agreement wherein TRT acquiesced to these demands and agreed to provide monthly monitoring reports on its compliance with these terms. The settlement agreement was incorporated into a conditional class certification and preliminary injunction order of February 11, 2000, and a permanent injunction was entered by final order of the court on April 17, 2000.

On April 28, 2000, plaintiffs moved for attorney's fees to compensate their counsel for the representation provided in this suit, under the "prevailing party" provisions of 42 U.S.C. § 12205 and 29 U.S.C. § 794a(b). TRT filed a memorandum objecting both to the propriety of an attorney's fees award in this case and to the reasonableness of the fees sought. The parties came

before the court for a hearing on this matter, and the motion is now ripe for decision.

## II. *Analysis*

### A. *The Propriety of an Attorney's Fees Award in this Case*

■ Congress expressly provided for the award of reasonable attorney's fees and costs to prevailing parties, other than the United States, under both the ADA and the Rehabilitation Act. *See* 42 U.S.C. § 12205; 29 U.S.C. § 794a(b). A plaintiff is considered a "prevailing party" for purposes of these provisions "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). There is no question that the settlement meets the *Farrar* criteria. Moreover, the United States Court of Appeals for the Fourth Circuit has clearly held that such relief on the merits need not be in the form of a judgment, but may also include comparable relief through a consent decree or settlement agreement. *See S–1 and S–2 v. State Bd. of Educ.*, 21 F.3d 49, 51 (4th Cir.1994).

■ Nonetheless, TRT argues that plaintiffs, in the case at bar, should not be permitted to recover attorney's fees. TRT's argument is three-fold. First, TRT argues that, because plaintiffs' counsel, DRVD, receives federal funding for its work in enforcing the rights of persons with disabilities, DRVD must be deemed an instrumentality of the United States and barred from recovering attorney's fees under the language of the statutes. *See* 42 U.S.C. § 12205 ("[T]he court may allow the prevailing party, *other than the United States*, a reasonable attorney's fee....") (emphasis added); 29 U.S.C. § 794a(b) (same). This argument is utterly without merit. As this court has previously and unequivocally held, the mere receipt of federal funding, without more, is simply inadequate under the law to render a state or local agency an instrumentality of the

federal government. *See Teamsters Local Union No. 822 of Norfolk, Virginia v. City of Portsmouth, Virginia*, 423 F.Supp. 954, 957 (E.D.Va.1975).

■ Secondly, TRT argues that Va. Code Ann. § 51.5–46(D) (Michie 1998) expressly prohibits any plaintiff represented by DRVD from recovering attorney's fees. Although Va.Code Ann. § 51.5–46(D) does indeed bar recovery of attorney's fees for services rendered by DRVD in certain cases, TRT overstates the breadth of this statutory preclusion. Va.Code Ann. § 51.5–46(D), by its express terms, applies only to actions brought under Title 51.5, Chapter 9, of the Virginia Code. Chapter 9 creates statutory rights for persons with disabilities under Virginia law and sets forth the remedies available to persons whose rights under that chapter have been violated: "The relief available for violations of this chapter shall be limited to the relief set forth in this section.... In any action in which the petitioner is represented by the [DRVD], no attorney's fees shall be awarded ... under this chapter." Va. Code Ann. § 51.5–46(C)–(D) Thus, by its express terms, this section limits the recovery of attorney's fees only for state law causes of action under Title 51.5, Chapter 9 of the Virginia Code, and, consequently, can have no impact on plaintiffs' rights under federal disability law.

■ Finally, TRT argues that plaintiffs cannot recover attorney's fees in this case on the basis that DRVD is a public agency, representing plaintiffs free of charge. Contrary to TRT's assertions, courts have uniformly held that prevailing plaintiffs are entitled to recover attorney's fees, even when represented by a non-profit, public interest agency. *See Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Shadis v. Beal*, 685 F.2d 824, 831–32 (3d Cir.), *cert. denied*, 459 U.S. 970, 103 S.Ct. 300, 74 L.Ed.2d 282 (1982); *Palmigiano v. Garrahy*, 616 F.2d 598, 601–03 (1st Cir.), *cert. denied*, 449 U.S. 839, 101 S.Ct. 115, 66 L.Ed.2d 45 (1980); *Dennis v. Chang*, 611 F.2d 1302,

1305–07 (9th Cir.1980). Accordingly, the court finds that plaintiffs are entitled to recover reasonable attorney's fees and costs to compensate their counsel for the representation provided in connection with this lawsuit.

### B. *The Reasonableness of the Fee Sought*

■ In determining the appropriate fee award in a given case, the court must consider the primary purposes of "prevailing party" provisions—to provide civil rights litigants effective access to the federal courts by ensuring that their counsel is compensated for all reasonable out-of-pocket expenses and services rendered. *See Buffington v. Baltimore County, Maryland,* 913 F.2d 113, 129 (4th Cir.1990), *cert. denied,* 499 U.S. 906, 111 S.Ct. 1106, 113 L.Ed.2d 216 (1991). The first step in calculating a reasonable fee is to determine the appropriate hourly rate. *See Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir.1990). The reasonable hourly rate must be consistent with the market rate in the judicial district in which the trial court sits. *See id.; Alexander S. By and Through Bowers v. Boyd,* 929 F.Supp. 925, 936 (D.S.C.1995); *In re "Agent Orange" Prod. Liab. Litig.,* 818 F.2d 226, 232 (2d Cir.1987). After determining the reasonable hourly rate, the court must proceed to determine the number of hours reasonably expended by counsel. *See Plyler,* 902 F.2d at 277. The court should not compensate plaintiffs' counsel for hours which it finds "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The reasonable hourly rate and the reasonable hours expended are then multiplied to determine to "lodestar figure." *See E.E.O.C. v. Service News Co.,* 898 F.2d 958, 965 (4th Cir.1990). The "lodestar figure" is normally considered the reasonable fee in the case. *See id.* (citing *Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).

■ In determining both the reasonable rate and the reasonable number of hours expended, courts in this circuit consider the twelve factors set forth in *John-son v. Georgia Highway Express, Inc.,* 488 F.2d 714 (1974). *See, e.g., Service News Co.,* 898 F.2d at 965. Those factors include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal service rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases. *See Johnson,* 488 F.2d at 717–19.

In the case at bar, plaintiffs have submitted detailed-time logs and supporting affidavits, reflecting the hours expended by their counsel and the rates charged. These time logs and affidavits establish that plaintiffs are claiming 189 hours at the rate of $150 per hour for the work of plaintiffs' counsel, Jonathan Martinis of DRVD; costs incurred by Mr. Martinis in the amount of $1156.24; and 14.76 hours at a rate of $350 per hour for the services of Stephen F. Gold, a Philadelphia lawyer hired by Mr. Martinis to consult on the case. Plaintiffs have also requested an upward adjustment of both attorneys' fees in the amount of fifty dollars per hour based upon the allegedly exceptional results achieved in this case.

■ Upon a thorough review of the record, as well as the supporting documentation submitted by plaintiffs, the court finds that all attorney's fees and costs deriving from the representation of Mr. Martinis are compensable in this case. As an initial matter, the court finds that the rate commanded by Mr. Martinis, $150 per hour, is entirely reasonable for his work on the case. Mr. Martinis is a skilled and

experienced lawyer in the area of disability rights law, (Martinis Aff. ¶¶ 3–5), and his fee comports with the rates regularly charged for lawyers of similar experience for services in ADA and civil rights cases within the Eastern District of Virginia. (Lucyk Aff. ¶ 5).[1] Mr. Martinis dedicated more than ten months to the pursuit of plaintiffs' interests in this case, forcing him to delay a significant ADA Accessibility Campaign in Virginia that was scheduled to begin in July, 1999. (Martinis Aff. ¶ 29). Mr. Martinis' efforts achieved full compliance with the requirements of both the ADA and the Rehabilitation Act and effected significant change in the transportation services available to a broad class of individuals with disabilities. Mr. Martinis' skill, experience, and time commitment to this case, in conjunction with the results achieved, clearly warrant a fee of $150 per hour. Indeed, TRT concedes that $150 per hour represents a reasonable rate for Mr. Martinis' services. (Def.Mem.Opp. Atty. Fees at 6).

■ Moreover, although TRT contests the reasonableness of the number of hours expended by Mr. Martinis on the basis that much of the time and labor for which compensation is sought was devoted to settlement negotiations prior to the initiation of litigation, or was invested unnecessarily in light of TRT's concessions during negotiations, the court rejects these arguments, and finds that the number of hours contained in Mr. Martinis' detailed time logs are entirely reasonable.[2] First, as this court has previously held, the recovery of a prevailing party is not limited to reasonable attorney's fees incurred during the

course of formal litigation, but may also include "costs and fees incurred … in attempting to negotiate" a settlement prior to filing suit. *Sharpe v. United States*, 607 F.Supp. 4, 7 (E.D.Va.1984).

Secondly, the record in this case clearly refutes TRT's contention that its voluntary concessions during the course of these negotiations rendered litigation unnecessary. The evidence before the court reveals that DRVD engaged in three negotiating sessions with TRT prior to filing this lawsuit, none of which achieved plaintiffs' desired results. As both parties concede, an agreement was executed between the parties on July 16, 1999, whereby TRT agreed to bring its provision of paratransit transportation into full compliance with the ADA and the Rehabilitation Act. However, the specific requirements of compliance were reserved for subsequent negotiations between the parties. On July 22, 1999, pursuant to the agreement, counsel for the parties convened, and counsel for plaintiff submitted a proposal to TRT for achieving full compliance with the ADA and Rehabilitation Act. (Pl. Reply Br.Supp. Atty. Fees Ex. D). Although TRT had initially agreed to bring its transportation services into full compliance with federal law, TRT returned an alternative proposed agreement on August 17, 1999, repudiating the most important provisions sought by plaintiffs. (Pl. Reply Br.Supp.Mot. Atty. Fees Ex. F). TRT rejected all reporting requirements and, in place of plaintiffs' proposal requiring TRT to provide next-day paratransit service in accordance with the requirements of federal law, TRT pro-

---

1. As set forth in the affidavit of Senior Assistant Attorney General of Virginia Gregory Lucyk, the regular rates charged by experienced lawyers providing services in ADA and civil rights cases within the Eastern District of Virginia generally range from $100 to $175 per hour, with the most experienced counsel charging up to $200 per hour. (Lucyk Aff. ¶ 5). The rate of counsel for TRT—between $95 and $110 per hour—generally comports with this range, though falling slightly below the rate of Mr. Martinis. (VanderMeer Aff. ¶ 2).

2. During the hearing in this matter, counsel for TRT also attempted to challenge the reasonableness of the hours expended by arguing that Mr. Martinis and DRVD failed in their state law duty to mediate to the maximum extent possible, *see* Va.Code Ann. § 51.5–37, and, therefore, cannot recover for any hours expended in litigation as a result of this alleged failure to mediate. As the court stated from the bench, however, any such objection to the appropriateness of this lawsuit should have been raised well prior to this stage of the proceedings and is, consequently, waived.

posed to use its "best efforts" to comply with those provisions. (Pl. Reply Br. Supp.Mot. Atty. Fees Ex. F). Only after plaintiffs filed suit in this matter on September 27, 1999, did TRT accept plaintiffs' terms as reflected by the final settlement agreement between the parties dated January 18, 2000. (Settlement Agt. at 1–3) Accordingly, the court finds that the hours expended by Mr. Martinis, both in negotiation and in litigation, are entirely necessary, reasonable, and compensable under the law.

■ Although the court finds that the attorney's fees and costs deriving from the representation of Mr. Martinis are reasonable and compensable, the court rejects all fees submitted by Mr. Gold on the basis that these fees were not lawfully incurred under Virginia state law. Mr. Gold is a highly successful practitioner with extensive experience and numerous accreditations in the area of disability law. (Gold Aff. ¶¶ 1–11). Mr. Martinis, seeking the benefit of Mr. Gold's experience and qualifications, contacted Mr. Gold to serve as a consultant on this case. Although Mr. Martinis notified plaintiffs that Mr. Gold would be participating in the case, no retainer agreement was ever entered between plaintiffs and Mr. Gold, and Mr. Gold had no client contact.[3] In effect, Mr. Gold's sole role in this case was to act as an advisor to Mr. Martinis in developing a litigation strategy and to provide comments and suggestions on certain legal documents prepared by Mr. Martinis. Indeed, the totality of the 14.76 hours claimed in this case were dedicated to providing these consultant and advisory services to Mr. Martinis. (Gold Aff. ¶ 14 and attached timesheet).

Had Mr. Gold been retained by plaintiffs as independent co-counsel on this case, Mr. Gold would, undoubtedly, be entitled to a reasonable attorney's fee in this case.[4] However, as set forth above, Mr. Gold did not serve as independent co-counsel in this case. Rather, Mr. Gold was hired directly by Mr. Martinis to serve as an advisor to Mr. Martinis in the performance of his duties as counsel for plaintiffs. This distinction is significant. Va.Code Ann. § 51.5–37, pursuant to which DRVD acted as counsel in this case, endows DRVD with certain powers, imposes certain duties, and proscribes certain limitations on the execution of both. Most importantly for purposes of the present matter, this provision circumscribes the authority of the DRVD to hire additional counsel to assist in the performance of DRVD's duty to represent persons with disabilities in the enforcement of their legal rights. The provision provides, in relevant part, "the [DRVD] shall have the authority to pursue legal, administrative, and other appropriate remedies to protect the rights of persons with disabilities, when those rights are related to such disabilities; however, no counsel shall be hired by the [DRVD] under the provisions of the chapter without the express approval of the Attorney General." Va.Code Ann. § 51.5–37(4). In the case at bar, Mr. Gold was hired[5] by Mr. Martinis of DRVD, to assist Mr. Martinis in the performance of his statutory duty to represent plaintiffs, without the approval of the Attorney General. Accordingly, the court concludes that any fees accrued by Mr.

---

3. Mr. Martinis stipulated to these facts in the course of explaining Mr. Gold's role in this case at the hearing on this motion.

4. Notably, Mr. Gold's consulting services were charged at a rate of $350 per hour—an exorbitant rate for comparable services in this district. See supra note 1 and accompanying text. Accordingly, even if the hours expended could be deemed reasonable under the law, the rate for Mr. Gold's services would, nonetheless, be excessive.

5. Although Mr. Martinis argued during the hearing on this matter that Mr. Gold was not hired because he was not paid a fee for his services in this case, the court, as stated from the bench, rejects this argument. The inquiry of whether an individual has been hired to provide a service does not hinge on the payment received by that individual. Counsel may be hired or retained on a pro bono basis.

Gold in this case were incurred contrary to Virginia law and, consequently, may not be deemed reasonable costs of litigation.

 Finally, the court rejects plaintiffs' request for an upward adjustment of fifty dollars per hour based upon the exceptional results achieved in this case. Although the Supreme Court has acknowledged that such enhancements are available in certain cases, *see Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), these enhancements are permissible only in truly "rare" and "exceptional" cases. *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). While the results achieved in this case are significant, they simply do not warrant an enhancement under the stringent standards set forth above. Moreover, the Supreme Court has taught that " 'the special skill and experience of counsel,' the 'quality of representation,' and 'the result obtained' from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award." *Id.* As such, Mr. Martinis' services have been properly considered and valued by the court.

### III. *Conclusion*

For the reasons set forth above, the court **GRANTS** plaintiffs' motion for attorney's fees and **AWARDS** DRVD, as counsel for plaintiffs, reasonable costs and attorney's fees for the services of Mr. Martinis in the amount of $29,506.24, said fees to be paid to DRVD by TRT within ten (10) days of the date of this order.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Final Order to counsel for all parties.

It is so **ORDERED.**